# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CONRAY CARROLL**　　　　　　　　　　　　　　　　　　　　　　**PETITIONER**
**ADC #110901**

**V.**　　　　　　　**CASE NO. 4:18-CV-54-BRW-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**[1]　　　　　　　　　　　　**RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**　　**Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

---

[1] Mr. Carroll named Bowie County, Texas as Respondent. The Clerk of Court is directed to change the name of Respondent to Wendy Kelley, Director of the Arkansas Department of Correction. Wendy Kelley is Mr. Carroll's current custodian and, thus, the Respondent in this case.

## II.   <u>Jurisdiction</u>:

Petitioner Conray Carroll, an inmate in the Arkansas Department of Correction ("ADC"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, on November 6, 2017. (Docket entry #1) On April 10, 1997, Mr. Carroll entered a plea of guilty in Pulaski County Circuit Court to the offense of rape and was sentenced as a habitual offender to 60 years' imprisonment in the ADC. *Carroll v. Norris*, 5:08-CV-192-BRW-BD (E.D. Ark.) (#17-3 at 2).

On March 22, 2007, Mr. Carroll filed his first federal petition for a writ of habeas corpus under 28 U.S.C. §2254. *Carroll v. Norris*, 5:07-CV-63-GH (E.D. Ark.) (#2). The district court allowed Mr. Carroll to voluntarily dismiss his petition on April 10, 2007. *Id.* (#7) Mr. Carroll next filed a habeas petition on July 16, 2008. *Carroll v. Norris*, 5:08-CV-192-BRW-BD (E.D. Ark) (#2). The district court denied relief and dismissed the petition on November 19, 2008. *Id.* (#29) The Eighth Circuit Court of Appeals denied Mr. Carroll's request for a certificate of appealability and dismissed his appeal on February 18, 2009. *Carroll v. Norris*, No. 08-3891 (8th Cir. 2009).

The Court lacks jurisdiction to hear Mr. Carroll's petition. As noted, Mr. Carroll has already challenged his conviction through an earlier federal habeas petition. Before he is eligible to file another federal habeas corpus petition, he must seek and receive an order from the Court of Appeals for the Eighth Circuit authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even if the petitioner claims actual innocence in the second petition. 28 U.S.C. § 2244(b)(2)(B)(I)-(ii). Without

an order from the court of appeals authorizing a second petition, the district court cannot hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[2]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. See Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive.

### III.  Conclusion:

The Court recommends that Judge Wilson DENY and DISMISS, without prejudice, Conray Carroll's petition for writ of habeas corpus (#1) for lack of jurisdiction and further recommends that all pending motions (#2, #7, #9, #10, & #11) be DENIED as MOOT. Furthermore, the Court recommends that Judge Wilson deny a certificate of appealability.

DATED this 23rd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).